UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DEBBIE HUMPHRIES,

       Movant

v.                               CIVIL ACTION NO. 2:03-0142
                               (Criminal No. 2:01-00066-01)

UNITED STATES OF AMERICA,

       Respondent

MEMORANDUM OPINION AND ORDER

Pending is movant Debbie Humphries' motion pursuant to 28 U.S.C. § 2255, filed February 24, 2002.  Pending also is movant's appeal, filed April 12, 2005, from a March 29, 2005, order of the United States Magistrate Judge denying movant's requested amendment of her section 2255 motion.  Movant sought the amendment to require the court to address the impact on her case of Blakely v. Washington, 542 U.S. 296 (2004).[1]

---

[1]The appeal is subject to summary disposition.  Our court of appeals has now definitively held as follows:

> The rule announced in Booker is a new rule of criminal procedure, but it is not a watershed rule. Accordingly, the rule is not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker (or Blakely) was decided.

United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  The movant's conviction became final on May 28, 2002, when the Supreme Court denied her petition for a writ of certiorari.  See Humphries v. United States, 535 U.S. 1106 (2002). The court, accordingly, ORDERS that the challenged ruling be, and it hereby is, affirmed.

Movant seeks the vacatur, set aside, or correction of her sentence of 72 months, which was imposed following her convictions at trial for (1) possession of stolen weapons, in violation 18 U.S.C. §§ 922(j) and 924(a)(2) (Count III), and possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (Counts IV and V).[2]  The movant was acquitted on two additional counts, which alleged, respectively, possession of stolen weapons, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count I), and possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (Count II).  As noted, movant's prosecution of her direct appeal was unsuccessful.

The court received the proposed findings and recommendation of the magistrate judge filed on June 25, 2003, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  On July 16, 2003, movant objected.  The movant essentially objects to the proposed findings and recommendation in its entirety.

_____

[2]The movant was additionally sentenced to a 3 year term of supervised release, a $100 fine, restitution in the amount of $180, and a $300 special assessment.

2

I.

Prior to her federal jury trial, the movant was convicted on November 13, 1995, for the state felony offense of unlawful assault.  During June, July, and August of 1999, Kenneth Nickoson, movant's cousin, committed a series of six daytime burglaries.  It was alleged that many of the fruits of this criminal activity, including four firearms, were sold to the movant by Nickoson.

On September 29, 1999, law enforcement searched the movant's home.  Although the four stolen firearms were not found during the search, law enforcement discovered five other firearms while at her residence.  Further, one of the four stolen firearms was later tracked and recovered by law enforcement officers after it was sold by the movant to another individual.  As noted, movant was later indicted and convicted, in part, for her illegal activities.

As noted by the magistrate judge, the court was aware at sentencing of the movant's care obligations for her grandson Brett.  Paragraph 45 of the presentence report notes her guardianship of Brett and the fact that he suffered from developmental disabilities.  The circumstances surrounding

3

Brett's care were also discussed at the sentencing hearing. Specifically, the court inquired about who would attend to Brett in the movant's absence, to which she responded that either Brett's mother, potentially, or his aunt would assume responsibility for his needs.

Nevertheless, the movant believes that her lawyer failed to adequately assert these predicate circumstances as support for a downward departure based upon "Extraordinary Family Circumstances." She contends one reason for the failure was her lawyer's prior representation of Brett's interests, adverse to her own, in a custody proceeding in June 1999.

These allegations appear in her section 2255 motion, where she contends generally that her lawyer provided ineffective assistance of counsel. Specifically, movant alleges her attorney rendered constitutionally deficient assistance by (1) failing to request a downward departure based upon "Extraordinary Family Circumstances[,]" (2) failing to object to the absence of this mitigating circumstance in the presentence report, (3) being burdened with a conflict of interest based upon his prior representation of movant's grandson in the custody dispute, and (4) failing to present the evidence concerning Brett at sentencing and further recommending that the movant not exercise her right of allocution.

4

II.

A.   The Governing Standard


        As noted, each of the grounds offered by the movant
involve the alleged ineffective assistance of counsel.  The
demanding standard for such claims was revisited this month by
our court of appeals, quoting the now well-settled standard
established by Strickland v. Washington, 466 U.S. 668 (1984):

> To prove a Sixth Amendment violation under Strickland a
> defendant must demonstrate "that counsel's performance
> was deficient," and that this "deficient performance
> prejudiced the defense."  To succeed in showing
> prejudice, a defendant must demonstrate that there is a
> "reasonable probability" that absent the alleged
> errors, "the result of the proceeding would have been
> different."

Vinson v. True, No. 04-29, --- F.3d ---, ---, 2005 WL 3724917, at
*3 (4th Cir. Feb. 1, 2006) (quoted authority omitted).



B.   Grounds One, Two and Four Relating to Counsel's Failure to
     Seek a Downward Departure or Other Adjustment of Sentence
     Based Upon "Extraordinary Family Circumstances"

        As correctly noted by the magistrate judge, section
5H1.6 of the 2001 Guidelines provides that "[f]amily ties and
responsibilities and community ties are not ordinarily relevant
in determining whether a sentence should be outside the

applicable guideline range." U.S.S.G. § 5H1.6. In view of its status as a discouraged factor, the court is permitted to depart downward on this basis "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Koon v. United States, 518 U.S. 81, 96 (1996).

　　　　To provide some context, our court of appeals encountered a downward departure by a district court of just four levels in a case where the defendant was the primary care giver for her husband, Joseph, a man who "had suffered a massive heart attack in 1996 . . . required five-way bypass surgery . . . and . . . was subsequently diagnosed with cancer." Elliott v. United States, 332 F.3d 753, 768 (4th Cir. 2003). The panel opinion elaborated further on the husband's condition, and the defendant's responsibilities for his daily care:

> Joseph had undergone extensive radiation and chemotherapy treatment for cancer, and as a result, he continued to suffer "severe periods of confusion and memory loss." At the time of sentencing, the cancer was apparently in partial remission. Approximately a month before the sentencing hearing, however, Joseph was diagnosed with diabetes. According to the evidence, Elliott was Joseph's primary caregiver, and due to his incapacity, his memory loss, and his confusion, she was responsible for administering his medication and supervising him on a daily basis.

Id. at 768. The court of appeals reversed the departure,

observing that "a sentencing court [generally] may depart downward . . . [for family responsibilities] only if it finds that the defendant is essentially 'irreplaceable.'" Id. at 769 (quoting United States v. McClatchey, 316 F.3d 1122, 1133 (10th Cir. 2003)).

Although the movant contends she was the "sole link and caregiver [sic] to grandson (Brett) who is mentally impaired and also has cerebral palsy, asthma, and a severe speech problem[,]" the record discloses otherwise. (Mov.'s Objecs. at 3). As noted, the movant herself advised the court at sentencing that both Brett's mother, potentially, and his aunt were willing to step in and assist him in her absence. Under these circumstances, a downward departure would have been plainly improper.[3]

---

[3]To the extent movant contends her lawyer discouraged her from exercising her right of allocution, the same result obtains. It appears she complains only of the loss of her ability to further inform the court of the situation surrounding the care of her grandson, matters which the court had already taken into consideration. As noted, the result of the proceeding would have been no different had she further informed the court on this matter. If there were other matters movant would have raised in an address to the court prior to sentencing, she has not identified them. Accordingly, she has not made the required showing under Strickland.

Inasmuch as the court was aware of the situation surrounding movant's grandson, and the alternative care options available to him, the movant cannot demonstrate that counsel performed deficiently. The court, accordingly, concludes that grounds one, two, and four are meritless.

C.   Ground Three Relating to Counsel's Putative Conflict of Interest

As a general matter, it is clearly established federal law that the Sixth Amendment right to counsel is the right to effective counsel. See <u>Strickland v. Washington</u>, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It is also clearly established that the right to effective counsel includes the right to representation that is free from conflicts of interest. See <u>Rubin v. Gee</u>, 292 F.3d 396, 401 (4th Cir. 2002) (citing <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 348-50 (1980)).

In order to establish a conflict of interest claim, however, a defendant "must demonstrate that an actual conflict of interest <u>adversely affected his lawyer's performance</u>." <u>Rubin</u>, 292 F.3d at 401 (emphasis supplied) (citing <u>Sullivan</u>, 446 U.S. at 348 (1980)). An adverse effect cannot be presumed solely from the existence of a conflict of interest. See <u>Mickens v. Taylor</u>, 535

8

U.S. 162, 170-75 (2002); Rubin, 292 F.3d at 401.  If a defendant successfully demonstrates that "a conflict of interest actually affected the adequacy of his representation," he "need not demonstrate prejudice in order to obtain relief."  Sullivan, 446 U.S. at 349-50.

The movant contends she suffered an adverse effect by counsel's failure to raise and argue her responsibilities to her grandson in a manner calculated to result in a sentence reduction.  She appears to assert this failure was caused by counsel's desire to avoid bringing the prior, conflicting representation to the court's attention and the "[l]oyalties" he had to Brett.

As noted, however, the request for downward departure, had it been lodged, would not have been granted in view of circuit precedent and the disfavored status of that Guidelines' departure factor.  Indeed, based upon the overall circumstances of the case as set forth in the proposed findings and recommendation, such a frivolous argument could well have redounded to the movant's detriment at sentencing.  Inasmuch as no adverse effect is present, the court concludes that the third ground for relief is meritless.

9

Based upon the foregoing and the proposed findings and recommendation of the magistrate judge, which are hereby adopted and incorporated herein, the court concludes that the section 2255 motion should be denied.

### III.

It is, accordingly, ORDERED that the movant's motion pursuant to 28 U.S.C. § 2255 be, and it hereby is, denied.  It is further ORDERED that the March 29, 2005, order of the magistrate judge be, and it hereby is, affirmed.  It is further ORDERED that this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the magistrate judge.

ENTER:  February 28, 2006

John T. Copenhaver, Jr.
United States District Judge

10